Michael Lee (ML 6353)
Lee Law PLLC
57 West 38th St., 11th Floor
New York, NY 10018
Telephone: (212) 621-8239

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HARLEY-DAVIDSON MOTOR COMPANY, INC., | CASE NO.  1:26-cv-4844 |
| Plaintiff, | **COMPLAINT** |
| v. | |
| WINDWOOD ENTERPRISES, LLC; KYLE YOUNG; JENNIFER YOUNG; and "JOHN DOES" 1-5; | |
| Defendants. | |

Plaintiff Harley-Davidson Motor Company, Inc. ("Harley-Davidson" or "Plaintiff"), by and through its attorneys, complains against Windwood Enterprises, LLC; Kyle Young; Jennifer Young; and "John Does" 1-5 (hereinafter collectively referred to as "Defendants") as follows:

**STATEMENT OF THE CASE**

1.      This is a suit by Plaintiff against Defendants for: (i) counterfeiting and/or infringement of trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; (ii) federal trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); (iii) unfair competition, false designation of origin, and false description in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (iv) unfair and deceptive business practices in violation of N.Y. Gen. Bus. L. § 349.

1

2.    This action concerns the distribution of a large quantity of merchandise bearing counterfeits and/or infringements of Plaintiff's federally registered trademarks in the United States. Defendants' infringement is clearly willful as Defendants have admitted to manufacturing and distributing unauthorized products bearing counterfeits and infringements of plaintiff's trademarks.

3.    Defendants created a strong likelihood of confusion among consumers who expect that merchandise bearing Plaintiff's trademarks will be genuine products manufactured or authorized by Plaintiff, causing both monetary and other irreparable injury to Plaintiff and the public at large.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over the federal trademark claims asserted in this action under 15 U.S.C. § 1121, and 28 U.S.C. § 1331 and 28 U.S.C. § 1338. This Court has supplemental subject matter jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a) in that the state law claims form part of the same case or controversy as the federal claims.

5.    Defendants are subject to the Court's jurisdiction because they have committed the acts complained of herein in this District and do business in this District. Specifically, Defendants have advertised into, sold, and shipped infringing merchandise into this District.

6.    Defendants are subject to the jurisdiction of this Court pursuant to and in accordance with Rule 4 of the Federal Rules of Civil Procedure.

7.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2)-(3).

## PARTIES

8.    Plaintiff is a corporation duly organized and existing under the laws of the state

2

of Wisconsin and having its principal place of business located at 3700 W. Juneau Avenue, Milwaukee, WI 53208.

9.      Upon information and belief, Windwood Enterprises, LLC is a Florida company doing business at 1121 South Military Trail. #156, Deerfield Beach, FL 33442 ("Windwood").

10.      Upon information and belief, Kyle Young ("Kyle") is a "member-manager" of Windwood and resides at 1561 SW 17th Street, Boca Raton, FL 33486. With his wife, Kyle directs, controls, ratifies, participates in, and has the right and ability to control the operations of the corporate defendant and online sales accounts at issue and is, therefore, a moving force behind the unlawful activity alleged herein.

11.      Upon information and belief, Jennifer Young ("Jennifer") is the wife of Kyle and, also, is a "member-manager" of Windwood and resides at 1561 SW 17th Street, Boca Raton, FL 33486. With her husband, Jennifer directs, controls, ratifies, participates in, and has the right and ability to control the operations of the corporate defendant and online sales accounts at issue and is, therefore, a moving force behind the unlawful activity alleged herein.

12.      Kyle and Jennifer are working in concert to commit the unlawful activity alleged herein.

13.      The identities of "John Does" 1-5 are not currently known to Plaintiff. Upon information and belief, they are associated with Defendants and have contributed to Defendants' unlawful activities. Plaintiff will use its best efforts to identify these "John Does" and upon further knowledge and investigation, Plaintiff will amend its pleadings accordingly.

## FACTUAL ALLEGATIONS

### A.  Plaintiff's Famous Products and Trademarks

14.      In 1903, Plaintiff was founded in Milwaukee, WI by William S. Harley and three Davidson brothers. The first prototype was not powerful enough to climb Milwaukee's hills, so

3

they redesigned the engine. They completed a more reliable motorcycle, officially marking the birth of Harley-Davidson. As demand grew, the founders built their first factory on Chestnut Street (later renamed Juneau Avenue) in Milwaukee. This location remains the company's headquarters. More than a century later, Harley-Davidson remains the most iconic motorcycle brand in the world, symbolizing American craftsmanship, freedom, and rebellion.

15. Since its inception, Plaintiff has marked its products with trademarks that have come to symbolize its profound company heritage and superior craftsmanship. From its inception to its establishment as a household name, Plaintiff has expended substantial amounts of time, money, and effort advertising and promoting its trademarks globally, including throughout the United States and within this District. As a result of these investments and its widespread success, Plaintiff has developed considerable goodwill and a reputation for the highest quality products. Plaintiff has continuously used its trademarks to distinguish its products and uphold these reputations.

16. Plaintiff is the owner of various trademarks registered with the United States Patent and Trademark Office ("USPTO"). Such trademarks include, but are not limited to, the following:

| Trademark | USPTO Registration Number | Registration Date | Goods (not exclusive) |
|---|---|---|---|
| HARLEY-DAVIDSON | 1450348 | 5/12/1987 | pressure sensitive decals |
| HARLEY-DAVIDSON | 1219955 | 12/14/1982 | Decals |

| HARLEY | 6076123 | 6/9/2020 | decals and stickers |
|---|---|---|---|
| [Bar & Shield logo] | 6070668 | 6/2/2020 | decals and stickers |
| [HARLEY-DAVIDSON MOTOR CYCLES Bar & Shield logo] | 1263936 | 1/17/1984 | paper decals |
| [Eagle over HARLEY-DAVIDSON MOTOR CYCLES logo] | 1224868 | 1/25/1983 | decals |

(with others not delineated, hereinafter collectively referred to as the "Plaintiff's Registered Trademarks").

17.    The Plaintiff's Registered Trademarks are valid, in full force and effect, protectable, and exclusively owned by Plaintiff. Plaintiff has continuously used the Plaintiff's Registered Trademarks during all time periods relevant to Plaintiff's claims. As a result, select Plaintiff's Registered Trademarks have become incontestable pursuant to 15 U.S.C. § 1065.

18.    The Plaintiff's Registered Trademarks have been used regularly in interstate commerce, including within this District, to identify and distinguish Plaintiff's high-quality motorcycles and merchandise.

19.    Due to the substantial resources expended by Plaintiff in order to create, protect, enforce, and promote the Plaintiff's Registered Trademarks, the Plaintiff's Registered Trademarks have achieved secondary meaning as identifiers of high-quality merchandise.

20.    The Plaintiff's Registered Trademarks are recognized around the world and throughout the United States by consumers as signifying authentic, high-quality products. As such, the Plaintiff's Registered Trademarks qualify as famous marks within the meaning of 15 U.S.C. § 1125(c)(1) and achieved such fame prior to the conduct alleged herein.

B. **Defendants' Unauthorized Activities**

21.    Upon information and belief, Defendants are creating, offering for sale, selling, and using in interstate commerce decals / stickers bearing counterfeits and/or infringements of the Plaintiff's Registered Trademarks (the "Counterfeit Products").

22.    Plaintiff first became aware of Defendants' unauthorized activities through sales on eBay Inc.'s marketplace platform. Defendants were offering for sale and selling many Counterfeit Products on the www.eBay.com website ("eBay") using the eBay username "discontinueddecals*com." The eBay listings reflected hundreds of sales of Counterfeit Products.

23.    On or about March 23, 2026, Plaintiff's agent purchased a Counterfeit Product from Defendants on eBay which was shipped into this District (the "Purchase #1"). The package containing the Purchase #1 contains a return address listing the corporate address of Windwood.

24.    Plaintiff reviewed Purchase #1 and confirmed it is not authentic merchandise and instead bears counterfeits and infringements of the Plaintiff's Registered Trademarks.

25.    Upon information and belief, eBay notified Defendants of their unauthorized sales and disclosed ownership information to Plaintiff for the "discontinueddecals*com" eBay account. This eBay account is registered to and owned by Windwood and Kyle.

26.    Plaintiff continued its investigation and discovered Defendants were offering for sale and selling a large quantity of Counterfeit Products on the websites: www.discontinueddecals.com and www.replacementdecals.com (hereinafter collectively referred to as the "Websites").

27.    On the Websites, Defendants admit to manufacturing their own decals stating: "[w]e only sell aftermarket decals, no longer available or discontinued from the manufactures

(sic)".  Further, the Websites have disclaimers stating they are distributing "aftermarket decals;" that they are "not affiliated with any OEM manufacturer;" and they "produce custom orders."

28.    Further, Defendants are keenly aware of trademark laws as the Websites bear a warning that users of their Websites "shall not display or use [their trademarks] without our prior permission."

29.    Harley-Davidson did not authorize Defendants to manufacture the Counterfeit Products.  On the Websites and in Defendants' eBay listings, the products were readily identifiable as unauthorized.

30.    On or about March 24, 2026, Plaintiff's agent purchased a Counterfeit Product from the Replacement Website which was shipped into this District (the "Purchase #2"). The package containing the Purchase #2 bears a return address listing the corporate address of Windwood.

31.    Plaintiff reviewed Purchase #2 and confirmed it is not authentic merchandise and instead bears counterfeits and infringements of the Plaintiff's Registered Trademarks.

32.    On or about April 2, 2026, Plaintiff's counsel sent Defendants a cease-and-desist letter concerning the unauthorized sale of merchandise bearing the Plaintiff's Registered Trademarks.

33.    Defendants refused to comply with the requests and demands set forth in the letter. Despite Plaintiff's warning, Defendants continued to offer for sale and sell Counterfeit Products.

34.    On April 6, 2026, Plaintiff's counsel spoke with Jennifer via telephone. Approximately one minute into this phone call, Jennifer hung up on Plaintiff's counsel.

35.    Subsequently, Defendants refused to respond to numerous attempts to speak to them via email and telephone.

36. Defendants' counterfeiting and infringement of the Plaintiff's Registered Trademarks is knowing and intentional for, *inter alia*, the following reasons:

    a) Defendants manufactured the Counterfeit Product and openly advertised it as reproductions that are not authorized;

    b) Defendants continued to offer for sale and sell Counterfeit Products despite notice from eBay;

    c) Defendants continued to offer for sale and sell Counterfeit Products despite notice from Plaintiff; and

    d) Defendants continued to offer for sale and sell Counterfeit Products despite communicating with Plaintiff.

37. Defendants' refusal to respond and continued infringement after notice necessitated the filing of this lawsuit.

38. Defendants are willful infringers of the Plaintiff's Registered Trademarks causing irreparable harm to Plaintiff and the unsuspecting public who are being defrauded into purchasing such unauthorized merchandise.

39. Defendants' distribution of Counterfeit Products in the United States constitutes an illegal use in commerce of the Plaintiff's Registered Trademarks in connection with the sale, offering for sale, or distribution of the Counterfeit Products.

40. The Counterfeit Products distributed by Defendants were not manufactured, authorized, or sponsored by Plaintiff. Thus, consumers will be confused and disappointed by the differences between the Counterfeit Products distributed by Defendants and genuine merchandise manufactured or authorized by Plaintiff.

41. Kyle and Jennifer are involved in and authorized the illicit activities described herein and are the owners of Windwood, the Websites, and the eBay accounts at issue.

Therefore, Kyle and Jennifer are jointly and severally liable for all commercial transactions occurring through these channels of commerce and control all such sales.

42.    As a result of Defendants' actions, Plaintiff is losing profits from lost sales of genuine products, is suffering a loss of enormous goodwill associated with Plaintiff's Registered Trademarks and will continue to suffer such loss if Defendants are allowed to continue their illegal activities.

43.    Defendants have knowingly and willfully engaged in their illicit activities in direct violation of Plaintiff's rights and/or have shown a blatant disregard for the same. For these reasons, this qualifies as an exceptional case under 15 U.S.C. § 1117(a).

44.    Plaintiff has suffered irreparable injury as a direct and proximate result of Defendants' wrongful distribution of the Counterfeit Products. Plaintiff has no adequate remedy at law.

45.    Defendants' unlawful acts will undoubtedly persist without judicial intervention. As such, Defendants must be restrained and enjoined from further violating Plaintiff's well-established rights in the Plaintiff's Registered Trademarks.

**FIRST CLAIM FOR RELIEF**
**(Trademark Counterfeiting, 15 U.S.C. § 1114)**

46.    Plaintiff hereby realleges and incorporates by reference all prior allegations as set forth in Paragraphs 1 through 45.

47.    Defendants have knowingly, intentionally, and without the consent of Plaintiff used in commerce reproductions, counterfeits, and/or copies of the Plaintiff's Registered Trademarks in connection with the sale, offering for sale, distribution, or advertising of goods covered by USPTO registrations for the Plaintiff's Registered Trademarks. Such use is likely to: cause confusion, mistake, or deception among consumers; cause consumers to believe

9

Defendants' counterfeit merchandise is affiliated with, sponsored by, authorized, or approved by, or is otherwise associated with Plaintiff even though they are not. The marks used by Defendants are spurious marks substantially indistinguishable from Plaintiff's Registered Trademarks.

48.    Defendants' use of the counterfeit marks was willful and done with the knowledge that the marks are counterfeit, and as such, Defendants' acts constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

49.    Defendants' acts constitute use in commerce of the Plaintiff's Registered Trademarks.

50.    For the aforementioned reasons, Plaintiff is entitled to: (a) damages for all of Defendants' profits derived from their unlawful conduct and/or Plaintiff's lost profits from sales of genuine goods due to Defendants' conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. § 1117(a)-(b), or alternatively, statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act; and (b) reasonable attorneys' fees, investigative fees, and pre-judgment interest according to 15 U.S.C. § 1117(b).

51.    Plaintiff has no adequate remedy at law for Defendants' ongoing wrongful conduct. Plaintiff has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## SECOND CLAIM FOR RELIEF
### (Trademark Infringement, 15 U.S.C. §1114)

52.    Plaintiff hereby realleges and incorporates by reference all prior allegations as set forth in Paragraphs 1 through 45.

53.    Defendants have knowingly, intentionally, and without the consent of Plaintiff

used in commerce reproductions, counterfeits, and/or copies of the Plaintiff's Registered Trademarks in connection with the offer for sale, sale, and distribution of goods covered by USPTO registrations for the Plaintiff's Registered Trademarks. Such use is likely to: cause confusion, mistake, or deception among consumers; cause consumers to believe Defendants' illicit merchandise is affiliated with, sponsored by, authorized by or approved by, or is otherwise associated with Plaintiff despite the fact that they are not.

54.     Defendants' use of the infringing marks was willful and done with the knowledge that the marks are infringing, and as such, Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

55.     Defendants' acts constitute use in commerce of the Plaintiff's Registered Trademarks.

56.     For the aforementioned reasons, Plaintiff is entitled to: (a) damages for all of Defendants' profits derived from their unlawful conduct and/or Plaintiff's lost profits from sales of genuine goods due to Defendants' conduct to the full extent provided under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a); and (b) reasonable attorneys' fees, investigative fees, and pre-judgment interest according to 15 U.S.C. § 1117(b).

57.     Plaintiff has no adequate remedy at law for Defendants' ongoing wrongful conduct. Plaintiff has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

### THIRD CLAIM FOR RELIEF
**(Unfair Competition, False Designation of Origin & False Description,
15 U.S.C. §1125(a))**

58.     Plaintiff hereby realleges and incorporates by reference all prior allegations as set forth in Paragraphs 1 through 45.

59.     Defendants' offer for sale, sale, and distribution of goods bearing the Plaintiff's

Registered Trademarks constitutes use in commerce of false designations of origin and false and misleading descriptions and representations that Defendants' illicit merchandise is affiliated with, sponsored by, authorized by or approved by, or is otherwise associated with Plaintiff despite the fact that it is not. As a result of Defendants' unauthorized use of the Plaintiff's Registered Trademarks, the public is likely to be misled and confused as to the source, sponsorship, or affiliation of Defendants' counterfeit merchandise.

60.    Defendants' offer for sale, sale, distribution, or advertising of goods bearing the Plaintiff's Registered Trademarks constitutes unfair competition as it is intended to cause confusion and deceive consumers and trades upon the established reputation and goodwill of Plaintiff.

61.    Defendants' conduct is willful, intended to reap the benefit of Plaintiff's established goodwill, and violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), all to the severe detriment of Plaintiff.

62.    Defendants' acts entitle Plaintiff to damages for all of Defendants' profits derived from their past unlawful conduct and/or for all of Plaintiff's lost profits from lost sales of genuine goods due to Defendants' conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. §1117(a)-(b), or in the alternative to statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C. §1117(c).

63.    Plaintiff has no adequate remedy at law for Defendants' ongoing wrongful conduct. Plaintiff has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

**FOURTH CLAIM FOR RELIEF**
**(Federal Trademark Dilution, 15 U.S.C. § 1125(c))**

64.    Plaintiff hereby realleges and incorporates by reference all prior allegations as

12

set forth in Paragraphs 1 through 45.

65.    Defendants' use of the Plaintiff's Registered Trademarks or marks confusingly similar thereto to sell their products constitutes Defendants' commercial use in commerce of the Plaintiff's Registered Trademarks.

66.    The Plaintiff's Registered Trademarks are world famous and distinctive. They achieved such status long prior to Defendants' activities complained of herein.

67.    Defendants' use of the Plaintiff's Registered Trademarks constitutes tarnishment of the Plaintiff's Registered Trademarks.

68.    Plaintiff is suffering and will continue to suffer irreparable harm from Defendants' dilutive activities.

69.    Defendants' acts as aforesaid are diluting the distinctive quality of the Plaintiff's Registered Trademarks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

70.    Defendants have intentionally and willfully appropriated the Plaintiff's Registered Trademarks and traded on Plaintiff's reputation.

71.    Defendants' wrongful acts of dilution will continue unless enjoined by this Court.

**FIFTH CLAIM FOR RELIEF**
**(Unfair and Deceptive Business Practices, N.Y. Gen. Bus. L. § 349)**

72.    Plaintiff hereby realleges and incorporates by reference all prior allegations as set forth in Paragraphs 1 through 45.

73.    The wrongful conduct of Defendants, including but not limited to, the distribution of Counterfeit Products, constitutes materially misleading and deceptive trade practices under New York General Business Law § 349.

74.    This wrongful conduct was consumer-oriented within the meaning of Section

13

349, as it is the intent of Defendants to distribute Counterfeit Products into the marketplace and therefore harm the general consuming public.

75.     Because of this deceptive conduct, Plaintiff has been and will continue to be damaged both monetarily and in ways impossible to remedy through monetary judgment.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that the Court order the following relief:

I.      That the Court enter an injunction ordering that Defendants, their agents, servants, employees, and all other persons in privity or acting in concert with them be enjoined and restrained from:

a)    using any counterfeit or infringing versions of the Plaintiff's Registered Trademarks to identify any goods not authorized by Plaintiff;

b)    counterfeiting or infringing the Plaintiff's Registered Trademarks by importing, manufacturing, distributing, selling, offering for sale, advertising, promoting, displaying any products bearing any simulation, reproduction, counterfeit, or copy of the Plaintiff's Registered Trademarks;

c)    using any simulation, reproduction, counterfeit, or copy of the Plaintiff's Registered Trademarks in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiff, or to any goods sold, manufactured, sponsored, or approved by, or connected with Plaintiff;

d)    making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services provided, products manufactured, distributed, sold or offered for sale, or rented by Defendants are in any way associated or connected with Plaintiff;

e)    engaging in any other conduct constituting an infringement of the Plaintiff's Registered Trademarks, of Plaintiff's rights in, or to use or to exploit, said trademark, or constituting any weakening of Plaintiff's names, reputations, and goodwill.

II.      That Defendants, pursuant to 15 U.S.C. § 1118, be required to deliver to Plaintiff for destruction all unauthorized materials bearing any of the Plaintiff's Registered Trademarks

in association with unauthorized goods and the means for production of the same.

III.	Requiring Defendants to pay to Plaintiff such damages for all of Defendants' profits derived from their unlawful conduct and/or Plaintiff's lost profits from sales of genuine goods due to Defendants' infringement, counterfeiting, false designation of origin, and unfair competition, trebled to the fullest extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. § 1117(a)-(b), or alternatively, statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act.

IV.	Ordering that Defendants compensate Plaintiff for the costs of this action, reasonable attorneys' fees, investigative fees, and pre-judgment interest according to 15 U.S.C. § 1117(b).

V.	Plaintiff be awarded its actual damages and attorneys' fees pursuant to N.Y. Gen. Bus. L. § 349.

VI.	Defendants be required to pay pre-judgment interest on all damages and profits awards.

VII.	Directing that this Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

VIII.	Ordering that pursuant to 11 U.S.C. § 523(a)(6), Defendants be prohibited from a discharge under 11 U.S.C. § 727 for malicious, willful, and fraudulent injury to Plaintiff.

IX.     Awarding to Plaintiff such other and further relief as the Court may deem just and proper, together with the costs and disbursements that Plaintiff has incurred in connection with this action.

**LEE LAW PLLC**

Dated: June 9, 2026

Michael Lee (ML 6353)
Lee Law PLLC
57 West 38th Street, 11th Floor
New York, NY 10018
(212) 621-8239

*Attorney for Plaintiff*
