**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

HARLEY-DAVIDSON MOTOR COMPANY, INC.,

Plaintiff,

v.

WINDWOOD ENTERPRISES, LLC; KYLE YOUNG; and "JOHN DOES" 1-5;

Defendants.

CASE NO. 1:26-cv-04844 (MMG)

**[PROPOSED] PERMANENT INJUNCTION ON CONSENT AGAINST DEFENDANTS WINDWOOD ENTERPRISES, LLC AND KYLE YOUNG**

Plaintiff Harley-Davidson Motor Company, Inc. ("Plaintiff") on the one hand, and Windwood Enterprises, LLC and Kyle Young (hereinafter collectively referred to as "Defendants") having stipulated to entry of this Permanent Injunction On Consent ("Permanent Injunction") and good cause appearing therefore:

The Court, having considered all pleadings and other documents filed in this action, hereby directs the entry of this Permanent Injunction against Defendants. Accordingly, the Court does hereby **ORDER, ADJUDGE, AND DECREE** as follows:

1. This Court has jurisdiction over the subject matter of this action.

2. Solely for purposes of this injunction and enforcement thereto, Defendants stipulate that venue is proper in the Southern District of New York.

3. Solely for the purposes of this injunction and enforcement thereto, Defendants stipulate to the jurisdiction of this Court.

4. Plaintiff is the owner of the trademarks registered with the United States Patent and Trademark Office ("USPTO") identified on Schedule 1 hereto (collectively, "Plaintiff's Registered Trademarks") .

5. Plaintiff, or its authorized licensees, is responsible for assembling, finishing, marketing, and selling in interstate commerce high-quality merchandise.

6. Plaintiff has used the Plaintiff's Registered Trademarks in the United States and in interstate commerce for many years.

7. Defendants agree that the jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction, implementation, or modification of this Permanent Injunction, the enforcement and the punishment of any violations thereof.

**IT IS ORDERED, ADJUDGED AND DECREED:**

8. The Permanent Injunction shall be binding upon and shall inure to the benefit of the parties and their respective heirs, successors and assigns, and acquiring companies.

9. Accordingly, the Court hereby permanently enjoins and restrains Defendants and their officers, employees, agents, successors, and assigns, and all those acting in active concert or participation with them who receive actual notice of this Permanent Injunction by personal service or otherwise, from:

a) using any counterfeit, copy, reproduction, simulation, or colorable imitation of Plaintiff's Registered Trademarks to identify, advertise, promote, distribute, offer for sale, or sell any goods not authorized by Plaintiff;

b) counterfeiting or infringing the Plaintiff's Registered Trademarks by importing, manufacturing, distributing, selling, offering for sale, advertising, promoting, displaying any products bearing any simulation, reproduction, counterfeit, or copy of the Plaintiff Registered Trademarks;

c) using any simulation, reproduction, counterfeit, or copy of the Plaintiff's

Registered Trademarks in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiff, or to any goods sold, manufactured, sponsored or approved by, or connected with Plaintiff;

d) making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services provided, products manufactured, distributed, sold or offered for sale, or rented by Defendants are in any way associated or connected with Plaintiff;

e) engaging in any other conduct constituting an infringement of the Plaintiff Registered Trademarks, of Plaintiff's rights in, or to use or to exploit, said trademark, or constituting any weakening of Plaintiff's names, reputations, and goodwill;

f) infringing any of Plaintiff's trademark rights in Plaintiff's Registered Trademarks or any confusingly similar designation; and

g) importing, manufacturing, distributing, selling, offering for sale, advertising, promoting, displaying any unauthorized products that bear Plaintiff's Registered Trademarks or using Plaintiff Registered Trademark in any way associated with the importing, manufacturing, distributing, selling, offering for sale, advertising, promoting, displaying of any goods.

Notwithstanding the foregoing prohibitions, nothing in this Permanent Injunction shall prohibit, restrain, or enjoin Defendants from engaging in any conduct (including the manufacture, distribution, sale, offer for sale, advertising, promotion, or display of decals or other goods bearing Plaintiff's Registered Trademarks) that is expressly authorized by, and / or performed in accordance with, a written trademark license agreement between Plaintiff and Defendants (or either of them). This exception applies only for so long as such license remains in effect, and the prohibitions of this Permanent Injunction shall automatically apply in full upon the termination or expiration of any such license.

10. In the event Defendants are found by the Court to have violated this Permanent Injunction, Plaintiff shall be entitled to seek all relief available at law or in equity, including contempt sanctions, injunctive relief, damages, and reasonable attorneys' fees and costs incurred in investigating, prosecuting, and remedying the violation. If Defendants are the prevailing party in any proceeding alleging a violation of this Permanent Injunction, Defendants shall be entitled to seek their reasonable attorneys' fees and costs incurred in responding to the violation claim.

11. That any act by Defendants in violation of the terms or conditions of this Permanent Injunction may be considered and prosecuted as contempt of this Court; provided, however, that no act by Defendants shall constitute a violation of this Permanent Injunction, or be subject to contempt or any other sanction hereunder, to the extent such act is expressly authorized by a written trademark license agreement entered into between Plaintiff and Defendants (or either of them) and is performed in compliance with the terms of that license. Upon termination or expiration of any such license, the full force and effect of this Permanent Injunction shall automatically resume with respect to the previously licensed conduct.

12. That jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction, implementation, or modification of this Permanent Injunction, the enforcement thereof, and the punishment of any violations thereof.

13. This Permanent Injunction shall be deemed served upon the Defendants at the time of the execution by the Court.

14. This Permanent Injunction is the final order in the above-captioned action as to Defendants and resolves all pending claims against them with prejudice, each Party to bear its own attorneys' fees and cos.

15. This Court reserves and retains jurisdiction of the subject matter of this cause and of the parties hereto for the purpose of enforcing the terms of this Permanent Injunction.

| | |
|---|---|
| Dated: 10/8/2026 | Harley-Davidson Motor Company, Inc.<br>By: Adraea Brown<br>Its: Assistant General Counsel and Assistant Secretary |
| Dated: 10/2/2026 | Windwood Enterprises, LLC<br>By: Kyle Young<br>Its: Mgmr |
| Dated: 10/2/2026 | Kyle Young |

**SO ORDERED:**

Dated: October 14, 2026

United States District Court Judge

The Clerk of the Court is respectfully directed to terminate this case.